IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CIVIL NO. 1:12CV87 |
| § | |
| $42,041.00 IN UNITED STATES § | |
| CURRENCY § | |
| Defendant. § | |

# VERIFIED COMPLAINT FOR FORFEITURE IN REM

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, plaintiff, brings this complaint and alleges as follows:

Nature of the Action

1.  This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6) and 21 U.S.C. § 981(a)(1)(A).

Defendant In Rem

2.  The defendant property is $42,041.00 in United States Currency (defendant property). Homeland Security Investigations (HSI) Special Agent Kenneth Crowe seized the defendant property on August 26, 2009, in Harris County, Texas. The Defendant Property is currently in the custody of the Customs and Border Protection.

Jurisdiction and Venue

3.  The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a). The Court also has jurisdiction over this particular action under

**Complaint - Page 1**

21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

4. The Court has <u>in rem</u> jurisdiction over the defendant property and venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

<u>Basis for Forfeiture</u>

5. The defendant property is subject to forfeiture pursuant to the following statues:

    a. 21 U.S.C. § 881(a)(6) because it constitutes (i) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (ii) proceeds traceable to such an exchange; or (iii) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.; and

    b. 18 U.S.C. § 981(a)(1)(A), because it constitutes property involved in a transaction or an attempted transaction in violation of 18 U.S.C. § 1956, or 18 U.S.C. § 1957, or is property traceable to such property.

Facts

6. That the facts and circumstances supporting the seizure and forfeiture of the defendant property is contained in affidavit of HSI Special Agent Kenneth Crowe, which is attached hereto and incorporated herein by reference.

Potential Claimants

7. James Alexander Smith, 18027 Billabong Crescent Court, Cypress, Texas. Another potential claimant may be Khalilah Williams, 18027 Billabong Crescent Court, Cypress, Texas.

Claim for Relief

8. The United States respectfully requests that the Court forfeit the defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

        Respectfully submitted,

        JOHN M. BALES
        UNITED STATES ATTORNEY

        /s/
        MICHAEL W. LOCKHART
        Assistant United States Attorney
        Eastern District of Texas
        Texas Bar No. 12472200
        350 Magnolia Avenue, Suite 150
        Beaumont, Texas 77701-2237
        (409) 839-2538
        (409) 839-2643 (fax)
        michael.lockhart@usdoj.gov

## VERIFICATION PURSUANT TO 28 U.S.C. ' 1746

I, Kenneth M. Crowe, state that:

1. I am a Special Agent with the Homeland Security Investigations.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

*Kenneth M. Crowe*
Kenneth M. Crowe
Special Agent
Homeland Security Investigations

Dated: February 13, 2012.